# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 02-10V
### Filed: October 24, 2013
### (To Be Published)

JOANN MOSTOVOY and VADIM
MOSTOVOY, in their own right
and as best friends of their son,
VJM,

                Petitioners,

                v.

SECRETARY OF HEALTH AND HUMAN
SERVICES

                Respondent.

## ORDER DENYING PETITIONERS' MOTION FOR RECONSIDERATION[1]

On June 12, 2013, former Chief Special Master Campbell-Smith[2] issued a Ruling that denied Petitioners' motions for certain discovery in this matter. *Mostovoy v. Sec'y of HHS,* No. 02-10V, 2013 WL 3368236 (Fed. Cl. Spec. Mstr. June 12, 2013) ("Ruling.") On July 12, 2013, Petitioners filed a Motion for Reconsideration of that Ruling.[3] Specifically, Petitioners allege

---

[1] Because this Order contains a reasoned explanation for the action in this case, I intend to post this order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The former Chief Special Master, Patricia Campbell-Smith, was appointed a Judge of the United States Court of Federal Claims on September 19, 2013. In light of her impending appointment, the case was assigned to me.

[3] Respondent and the Managed Care Organizations (MCOs) argue that petitioners'

that the Ruling contains errors of fact and law. (Motion for Reconsideration ("Motion") at 1-2.) I disagree. Petitioners' Motion for Reconsideration has been fully briefed and is ripe for a ruling. As discussed below, Petitioners' Motion for Reconsideration is denied.

## A. Overview

I have reviewed and carefully considered the June 12, 2013 Ruling, as well as the argument contained within petitioners' Motion for Reconsideration, and the parties' and MCOs' subsequent briefing on this matter. I find that that former Chief Special Master Campbell-Smith's Ruling was extremely thorough, persuasive, convincing, and well-reasoned. I will not repeat the entirety of her Ruling within this Order, but I am persuaded that petitioners' motions for discovery were properly denied. Likewise, I will not reiterate each of the many deficiencies in petitioners' Motion, which were set forth in the responses filed by both Respondent and the MCOs. I will instead merely summarize the major weaknesses that I find in Petitioners' Motion for Reconsideration.

## B. Major deficiencies in petitioners' motion

### 1. Petitioners misunderstand the standard for discovery in the Vaccine Program

As an initial matter, Petitioners misconstrue the standard for discovery in the Vaccine Program. Petitioners contend that if "the material sought is necessary, the burden imposed upon the respondent is immaterial." (Motion at 28.) This is not accurate. Petitioners in the Vaccine Program are not entitled to discovery "as a matter of right." (Vaccine Rule 7(a).) As explained in the Ruling, the Vaccine Act provides a special master with the authority to authorize formal discovery and approve the issuance of a subpoena, if the information sought is "reasonable and necessary" for the special master's resolution of the case. (Ruling at *10 (citing Vaccine Rule 7, §12(d)(3)(B)(iii)).) Therefore, even if the special master determines that the discovery is necessary for the special master to make a "*fair and well informed* ruling,"[4] nevertheless "[r]equiring production must also be 'reasonable' under all circumstances, meaning that the special master must consider the *burden* on the party who would be required to testify or submit evidence." (*In re Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder*, 2007 WL 1983780, at *7 (Fed. Cl. Spec. Mstr. May 25, 2007) (emphasis in original).) The Chief Special Master utilized the correct standard for discovery in her Ruling, finding that the requested discovery was *neither* necessary for her to make a fair and well-reasoned ruling, *nor* a reasonable

---

Motion for Reconsideration is untimely filed under Vaccine Rule 10(e)(1). However, that rule applies to a "special master's decision." Accordingly, petitioners' Motion for Reconsideration is *not* untimely filed, under Rule 10 (e)(1), since the Ruling is not a "decision" subject to a Judgment. I have denied the motion for reconsideration because it is nonmeritorious, not because of timeliness.

[4] Although in this case, as explained in the Ruling, the petitioners did *not* establish that the requested discovery was necessary for a "fair and well informed ruling." (Ruling at *17, *32.) I concur with that finding.

2

burden to place on the parties who would be required to submit the evidence. (*See* Ruling at \*17, \*26-27, \*32, \*34-35.)

## 2. *Dr. Deisher's qualifications*

A significant focus of Petitioners' Motion centers upon the argument that the former Chief Special Master misapprehended the extent of Theresa Deisher's qualifications. (*See* Motion at 3-8.) While I disagree with this contention, I find that the Ruling provided substantial support, aside from consideration of Dr. Deisher's qualifications, or lack thereof, for the finding that the requested discovery was neither necessary for a special master to make a fair and well-reasoned ruling, nor a reasonable burden to place on the parties who would be required to submit the evidence. As aforementioned, I will not reiterate all of the former Chief Special Master's findings; however, a review of her Ruling clearly indicates it was well-supported and considered many factors *in addition* to the qualifications of Dr. Deisher.

## 3. *A special master in the Vaccine Program may not compel a scientific study, nor compel the Respondent and MCOs necessary participation in a study*

Petitioners purport to request to seek "access" to the VSD, so that their expert may conduct her own proposed study. However, petitioners have entirely failed to demonstrate that this request is reasonable. As the former Chief Special Master explained at length in her Ruling, ordering such discovery would effectively be ordering the *Respondent and the MCOs to participate very substantially in conducting the study* proposed by Dr. Deisher. (Ruling at \*17-20.) I agree that "[s]uch a requirement would impose an undue burden on the ability of each entity to determine how to allocate its own time and resources," and would not be reasonable. (Ruling at \*20.) This was also the finding of the three special masters assigned to hear the OAP test cases when presented with a very similar discovery request in 2007. (*In re Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder*, 2007 WL 1983780, at \*11.) Additionally, I agree that ordering Petitioners' requested "discovery" would unreasonably interfere with the *contractual agreements* between the MCOs and the government. (Ruling at \*20-21.)

Further, as the Chief Special Master concluded, it is simply not appropriate to ask a special master to decide what scientific research the government should undertake. I agree that while research into the safety of vaccines and the development of autism are worthy goals for research scientists, the decision as to how to *best allocate* scarce governmental and nongovernmental scientific resources for that purpose "is well outside the scope of a claim brought under the Vaccine Program." (Ruling at \*13.) As the MCOs point out, this is not an issue of first impression. *See, e.g., Werderitsh v. HHS*, No. 99-319V, 2005 WL 3320041, at \*14 (Fed. Cl. Spec. Mstr. Nov. 10, 2005) (finding "that it is inappropriate for [a special master] to direct scientific research within the framework of the Vaccine Program"); *Schneider v. HHS*, No. 99-0160V, 2005 WL 318697, at \*5 (Fed. Cl. Spec. Mstr. Feb. 1, 2005) ("[t]he [Vaccine] Program is not the appropriate forum for – and a special master should not preside overwide-ranging discovery, or should not devise unique procedures aimed at – developing original scientific or medical theses.")

Finally, as discussed in the Ruling, Dr. Deisher has previously unsuccessfully submitted her study proposal to NIH in an effort to obtaining funding.  The well-credentialed reviewers at NIH, who are the scientific peers of Dr. Deisher, found her proposed study, and Dr. Deisher's qualifications as an investigator, replete with weaknesses. (Ruling at *23-24.)  Like the former Chief Special Master, I am "reluctant to substitute [my] scientific judgment for that of the NIH reviewers – a panel of Dr. Deisher's peers – who have found her proposed study to be critically deficient."  (*Id.* at 24.)  I likewise agree that "the NIH reviewers' comments merit weighted consideration."  (*Id.*)

*C.  Conclusion*

Petitioners have *failed* to demonstrate that reconsideration of the Ruling of June 12, 2013, in this case is warranted.  The Ruling is well supported by Vaccine Program caselaw, and overwhelmingly demonstrated that the requested discovery is neither necessary for a special master to make a fair and well-informed ruling in this case, and would impose an unreasonable burden on the parties required to submit evidence.

*D.  Going forward*

I intend to conduct a status conference with the parties as soon as possible to discuss the resolution of all petitioners' counsel's cases on my docket involving the theory of causation asserted in this case.[5]

**IT IS SO ORDERED.[6]**

> s/George L. Hastings, Jr.
> George L. Hastings, Jr.
> Special Master

---

[5] Petitioners' counsel is advised that in such related cases I will *not* be likely to grant additional discovery motions similar to the motions considered in the June 12, 2013 Ruling.

[6] The Clerk's Office is directed to send a courtesy copy of this order to:

> Scott L. Winkelman
> April N. Ross
> Crowell & Moring
> 1001 Pennsylvania Avenue, N.W.
> Washington, DC 20004